IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No.: 7:16-cv-393-D

| | |
|---|---|
| ROGER L. HERRING, JR., ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID MICHAEL SURRATT, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

NOW COMES Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), by and through the undersigned counsel, alleges and says as follows in response to Plaintiffs' Complaint:

1. MERS is without sufficient information to admit or deny the allegations of Paragraph 1 and the same are therefore denied.

2. Upon information and belief, it is admitted that Defendant David Michael Surratt is the grantee of real property located at 7804 Myrtle Grove Road, New Hanover County, Wilmington, North Carolina 28409 by Special Warranty Deed dated October 29, 2015. Upon information and belief, it is further admitted that David Michael Surratt and his wife, Laurie Surratt, are residents of New Hanover County, North Carolina. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 2 and the same are therefore denied.

1

3. MERS is without sufficient information to admit or deny the allegations of Paragraph 3 and the same are therefore denied.

4. The allegations of Paragraph 4 constitute legal conclusions to which no response is required. To the extent an answer is required, MERS is without sufficient information to admit or deny the allegations of Paragraph 4 and the same are therefore denied.

5. The allegations of Paragraph 5 constitute legal conclusions to which no response is required. To the extent an answer is required, MERS is without sufficient information to admit or deny the allegations of Paragraph 5 and the same are therefore denied.

6. It is admitted that Exhibit H to the Complaint appears to be a copy of a Deed of Trust recorded in Book 5929, Page 1263 of the New Hanover County Registry and as such MERS pleads Exhibit H in response to Paragraph 6. To the extent Paragraph 6 alters, amends, or modifies Exhibit H, then and to that extent, Paragraph 6 is denied. The remaining allegations of Paragraph 6 constitute legal conclusions to which no response is required. To the extent an answer is required, MERS is without sufficient information to admit or deny the remaining allegations of Paragraph 6 and the same are therefore denied.

7. It is admitted that Defendant MERS is a corporation organized and existing under the laws of Delaware with an address of P.O. Box 2026, Flint, Michigan 48501-2026. It is further admitted that Exhibit H to the Complaint appears to be a copy of a Deed of Trust recorded in Book 5929, Page 1263 of the New Hanover County Registry and as such MERS pleads Exhibit H in response to Paragraph 7. To the extent Paragraph 7 alters, amends, or modifies Exhibit H, then and to that extent, Paragraph 7 is denied. The remaining allegations of Paragraph 7 constitute legal conclusions to which no response is required. To the extent an

answer is required, MERS is without sufficient information to admit or deny the remaining allegations of Paragraph 7 and the same are therefore denied.

8. The allegations of Paragraph 8 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 8 are denied.

**JURISDICTION AND VENUE**

9. The allegations of Paragraph 9 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 11 are denied.

**FACTS**

12. The document marked as Exhibit A to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit A in response to Paragraph 12. To the extent Paragraph 12 alters, amends, or modifies Exhibit A, then and to that extent, Paragraph 12 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 12 and the same are therefore denied.

13. The document marked as Exhibit B to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit B in response to Paragraph 13. To the extent Paragraph 13 alters, amends, or modifies Exhibit B, then and to that extent, Paragraph 13 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 13 and the same are therefore denied.

14. The document marked as Exhibit C to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit C in response to Paragraph 14. To the extent Paragraph 14 alters, amends, or modifies Exhibit C, then and to that extent, Paragraph 14 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 14 and the same are therefore denied.

15. The document marked as Exhibit C to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit C in response to Paragraph 15. To the extent Paragraph 15 alters, amends, or modifies Exhibit C, then and to that extent, Paragraph 15 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 15 and the same are therefore denied.

16. The document marked as Exhibit D to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit D in response to Paragraph 16. To the extent Paragraph 16 alters, amends, or modifies Exhibit D, then and to that extent, Paragraph 16 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 16 and the same are therefore denied.

17. MERS is without sufficient information to admit or deny the allegations of Paragraph 17 and the same are therefore denied.

18. The document marked as Exhibit E to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit E in response to Paragraph 18. To the extent Paragraph 18 alters, amends, or modifies Exhibit E, then and to that extent, Paragraph 18 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 18 and the same are therefore denied.

19.     The document marked as Exhibit F to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit F in response to Paragraph 19. To the extent Paragraph 19 alters, amends, or modifies Exhibit F, then and to that extent, Paragraph 19 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 19 and the same are therefore denied.

20.     The document marked as Exhibit F to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit F in response to Paragraph 20. To the extent Paragraph 20 alters, amends, or modifies Exhibit F, then and to that extent, Paragraph 20 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 20 and the same are therefore denied.

21.     The document marked as Exhibit G to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit G in response to Paragraph 21. To the extent Paragraph 21 alters, amends, or modifies Exhibit G, then and to that extent, Paragraph 21 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 21 and the same are therefore denied.

22.     The document marked as Exhibit G to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit G in response to Paragraph 22. To the extent Paragraph 22 alters, amends, or modifies Exhibit G, then and to that extent, Paragraph 22 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 22 and the same are therefore denied.

23.     The document marked as Exhibit H to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit H in response to Paragraph 23. To the extent Paragraph 23 alters, amends, or modifies Exhibit H, then and to that extent, Paragraph 23 is denied.

24. The document marked as Exhibit I to Plaintiffs' Complaint speaks for itself and as such MERS pleads Exhibit I in response to Paragraph 24. To the extent Paragraph 24 alters, amends, or modifies Exhibit I, then and to that extent, Paragraph 24 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 24 and the same are therefore denied.

25. The allegations of Paragraph 25 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 25 are denied.

26. The documents marked as Exhibit J to Plaintiffs' Complaint speaks for themselves and as such MERS pleads Exhibit J in response to Paragraph 26. To the extent Paragraph 26 alters, amends, or modifies Exhibit J, then and to that extent, Paragraph 26 is denied. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 26 and the same are therefore denied.

27. MERS is without sufficient information to admit or deny the allegations of Paragraph 27 and the same are therefore denied.

28. MERS is without sufficient information to admit or deny the allegations of Paragraph 28 and the same are therefore denied.

29. MERS is without sufficient information to admit or deny the allegations of Paragraph 29 and the same are therefore denied.

30. MERS is without sufficient information to admit or deny the allegations of Paragraph 30 and the same are therefore denied.

31. MERS is without sufficient information to admit or deny the allegations of Paragraph 31 and the same are therefore denied.

32. MERS is without sufficient information to admit or deny the allegations of Paragraph 32 and the same are therefore denied.

33. MERS is without sufficient information to admit or deny the allegations of Paragraph 33 and the same are therefore denied.

34. MERS is without sufficient information to admit or deny the allegations of Paragraph 34 and the same are therefore denied.

35. MERS is without sufficient information to admit or deny the allegations of Paragraph 35 and the same are therefore denied.

36. MERS is without sufficient information to admit or deny the allegations of Paragraph 36 and the same are therefore denied.

37. MERS is without sufficient information to admit or deny the allegations of Paragraph 37 and the same are therefore denied.

38. MERS is without sufficient information to admit or deny the allegations of Paragraph 38 and the same are therefore denied.

39. MERS is without sufficient information to admit or deny the allegations of Paragraph 39 and the same are therefore denied.

40. MERS is without sufficient information to admit or deny the allegations of Paragraph 40 and the same are therefore denied.

41. MERS is without sufficient information to admit or deny the allegations of Paragraph 41 and the same are therefore denied.

42. MERS is without sufficient information to admit or deny the allegations of Paragraph 42 and the same are therefore denied.

43. MERS is without sufficient information to admit or deny the allegations of Paragraph 43 and the same are therefore denied.

44. MERS is without sufficient information to admit or deny the allegations of Paragraph 44 and the same are therefore denied.

45. MERS is without sufficient information to admit or deny the allegations of Paragraph 45 and the same are therefore denied.

## FIRST CLAIM FOR RELIEF
### (Conversion as to Plaintiffs' Personal Property against Defendants Surratts and Solana)

46. MERS' responses to the allegations of Paragraphs 1 through 45 are incorporated herein by reference.

47. MERS is without sufficient information to admit or deny the allegations of Paragraph 47 and the same are therefore denied.

48. MERS is without sufficient information to admit or deny the allegations of Paragraph 48 and the same are therefore denied.

49. MERS is without sufficient information to admit or deny the allegations of Paragraph 49 and the same are therefore denied.

50. MERS is without sufficient information to admit or deny the allegations of Paragraph 50 and the same are therefore denied.

51. MERS is without sufficient information to admit or deny the allegations of Paragraph 51 and the same are therefore denied.

52. MERS is without sufficient information to admit or deny the allegations of Paragraph 52 and the same are therefore denied.

53. MERS is without sufficient information to admit or deny the allegations of Paragraph 53 and the same are therefore denied.

54. MERS is without sufficient information to admit or deny the allegations of Paragraph 54 and the same are therefore denied.

## SECOND CLAIM FOR RELIEF
**(Trespass to Realty against all Defendants)**

55. MERS' responses to the allegations of Paragraphs 1 through 54 are incorporated herein by reference.

56. The allegations of Paragraph 56 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 57 are denied.

58. MERS is without sufficient information to admit or deny the allegations of Paragraph 58 and the same are therefore denied.

59. MERS is without sufficient information to admit or deny the allegations of Paragraph 59 and the same are therefore denied.

60. The allegations of Paragraph 60 constitute legal conclusions to which no response is required. To the extent an answer is required, MERS is without sufficient information to admit or deny the allegations of Paragraph 60 and the same are therefore denied.

61. The allegations of Paragraph 61 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 61 are denied.

62. The allegations of Paragraph 62 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 62 are denied.

63. The allegations of Paragraph 63 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 63 are denied.

64. The allegations of Paragraph 64 constitute legal conclusions to which no response is required. To the extent an answer is required, MERS is without sufficient information to admit or deny the allegations of Paragraph 64 and the same are therefore denied.

### THIRD CLAIM FOR RELIEF
### (Slander of Title Against Defendants Surratts and Solana)

65. MERS' responses to the allegations of Paragraphs 1 through 64 are incorporated herein by reference.

66. MERS is without sufficient information to admit or deny the allegations of Paragraph 66 and the same are therefore denied.

67. MERS is without sufficient information to admit or deny the allegations of Paragraph 67 and the same are therefore denied.

68. MERS is without sufficient information to admit or deny the allegations of Paragraph 68 and the same are therefore denied.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment against all Defendants)

69. MERS' responses to the allegations of Paragraphs 1 through 68 are incorporated herein by reference.

70. It is admitted that MERS serves as beneficiary, as nominee for Defendant, Homestead and its successors and assigns, as to the Deed of Trust recorded in Book 5929, Page 1263 of the New Hanover County Registry and asserts all right, title, benefit and interest granted to it with respect to the real property described therein. MERS is without sufficient information to admit or deny any remaining allegations of Paragraph 70 and the same are therefore denied.

71. The allegations of Paragraph 71 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 71 are denied.

72. The allegations of Paragraph 72 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegations of Paragraph 72 are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the applicable statute of repose.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims for relief are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims for relief are barred by the doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Defendant MERS reserves the right to amend its Answer to plead additional defenses and affirmative defenses as may be revealed through discovery or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims for relief are barred due to the fact that any damages, injuries, or losses were not proximately caused by any act or omission by MERS.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and any damages alleged by Plaintiffs, were incurred as a result of acts or omissions of others over whom MERS had no control. Any acts or omissions of others alleging to have caused damage to Plaintiffs were superseding, contributing, concurring, insulating and/or intervening proximate causes of any damages suffered by Plaintiff and are pled in bar of any recover from MERS herein.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims for relief are barred due to the fact that MERS had no duty to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims for relief are barred by the doctrines of waiver, laches, and/or estoppel.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant MERS prays the Court that:

1. Plaintiffs have and recover nothing from Defendant MERS;

2. The Deed of Trust recorded in Book 5929, Page 1263 of the New Hanover County Registry be declared a valid and enforceable lien on Lot 54 and Lot 56;

3. The costs of this action be taxed to a party other than Defendant MERS; and

4. For such other and further relief as the Court may deem necessary and proper.

Respectfully submitted this the 6th day of January, 2017.

                HUTCHENS LAW FIRM

                /s/ H. Terry Hutchens
                H. Terry Hutchens
                N.C. State Bar No. 7812
                Terry.hutchens@hutchenslawfirm.com
                Hilton T. Hutchens, Jr.
                N.C. State Bar No. 35352
                Hilton.hutchens@hutchenslawfirm.com
                Claire L. Collins
                N.C. State Bar No. 44306
                Claire.collins@hutchenslawfirm.com
                P.O. Box 2505
                Fayetteville, North Carolina 28302
                Telephone: (910) 864-6888
                Fax: (910) 864-6848
                *Attorneys for Defendant, MERS*

**CERTIFICATE OF SERVICE**

I hereby certify that this date I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John Stuart Bruce
Michael.anderson7@usdoj.gov
C. Michael Anderson
Michael.anderson7@usdoj.gov
United States Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
*Attorneys for Defendant HUD*

Randolph M. James
rmjames@rmjames.com
Randolph M. James P.C.
P.O. Box 20069
Winston-Salem, NC 27101
*Attorney for Plaintiffs*

Charlotte Noel Fox
cnfox@craigandfox.com
Craige & Fox, PLLC
701 Market Street
Wilmington, NC 28401
*Attorneys for Defendants David Surratt and Laurie Surratt*

David L Ray
dray@ftr-law.com
Aaron D. Lindquist
alindquist@ftr-law.com
Fletcher, Toll & Ray, LLP
131 Racine Drive, Suite 201
Wilmington, NC 28403
*Attorneys for Defendant Homestead and Defendants Davis Surratt and Laurie Surratt*

This the 6th day of January, 2017.

                                        HUTCHENS LAW FIRM

                                        /s/ H. Terry Hutchens
                                        H. Terry Hutchens
                                        N.C. State Bar No. 7812
                                        Terry.hutchens@hutchenslawfirm.com
                                        Hilton T. Hutchens, Jr.
                                        N.C. State Bar No. 35352
                                        Hilton.hutchens@hutchenslawfirm.com
                                        Claire L. Collins
                                        N.C. State Bar No. 44306
                                        Claire.collins@hutchenslawfirm.com
                                        P.O. Box 2505
                                        Fayetteville, North Carolina  28302
                                        Telephone:     (910) 864-6888
                                        Fax:                (910) 864-6848
                                        *Attorneys for Defendant, MERS*