IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-393-D

| | | |
|---|---|---|
| ROGER L. HERRING, JR., and<br>RITA HERRING, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | **ORDER** |
| DAVID MICHAEL SURRATT,<br>LAURIE SURRATT, ALLEN M. SOLANA,<br>SECRETARY OF HOUSING AND URBAN<br>DEVELOPMENT OF WASHINGTON, D.C.,<br>HOMESTEAD FUNDING CORPORATION,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC. ("MERS"),<br>and PEMCO, LTD., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

On April 29, 2016, Roger L. Herring, Jr., and Rita Herring (collectively "the Herrings" or "plaintiffs") sued David Michael Surratt ("D. M. Surratt"), Laurie Surratt ("L. Surratt") (collectively, "the Surratts"), Allen M. Solana ("Solana"), the Secretary of Housing and Urban Development of Washington, D.C. ("HUD"), Homestead Funding Corp. ("Homestead"), Mortgage Electronic Registration Systems, Inc., ("MERS"), and PEMCO, Ltd., ("PEMCO") in New Hanover County Superior Court [D.E. 1-3]. On July 15, 2016, the Surratts answered the Herrings' complaint, counterclaimed, and crossclaimed against HUD [D.E. 1-7]. On October 20, 2016, the Herrings stipulated to the dismissal of PEMCO in New Hanover County Superior Court [D.E. 1-10]. On November 23, 2016, HUD filed a notice of removal based on 28 U.S.C. §§ 1442(a) and 1444 [D.E. 1].

On December 29, 2016, HUD moved to dismiss the Herrings' claims against it for lack of subject-matter jurisdiction [D.E. 19]. The Herrings consented to dismissal [D.E. 29, 30]. On January 6, 2017, MERS moved to dismiss count two against it for failure to state a claim [D.E. 25]. The Herrings consented to that dismissal as well [D.E. 31]. On January 26, 2017, the Herrings moved to remand this action, arguing that because HUD was no longer a party, this court lacked subject-matter jurisdiction [D.E. 30]. On February 14, 2017, HUD responded [D.E. 33]. On February 28, 2017, the Herrings replied [D.E. 34]. On March 8, 2017, D. M. Surratt also responded [D.E. 35]. On March 22, 2017, the Herrings replied [D.E. 36]. As explained below, the court grants the Herrings' motion to remand.

I.

The Herrings purchased two adjoining parcels of land in New Hanover County, North Carolina, Lots 54 and 56. Compl. [D.E. 1-3] ¶ 12. D. M. Surratt and Laurie Surratt are individuals who reside in Wilmington, North Carolina. Id. ¶ 2. Solana is an attorney who practices law in Wilmington, North Carolina. Id. ¶ 3. HFC is a New York corporation with its principal place of business in Albany, New York. Id. ¶ 6. MERS is a Delaware corporation with its principal place of business in Flint, Michigan. Id. ¶ 7.

In 2008, the Herrings refinanced a mortgage. Id. ¶ 14. The couple intended to use only Lot 54 as collateral, but the refinancing documents accidentally included Lot 56 as collateral as well. Id. ¶ 15. The Herrings notified their bank of the mistake, and the bank recorded a partial deed of release, releasing the bank's interest in Lot 56 and purporting to release MERS' interest as the beneficiary of the deed of trust. Id. ¶ 16.

In 2013, the bank foreclosed on Lot 54. Id. ¶¶ 17–18. The foreclosure left the Herrings "homeless," and they "placed personal property in the storage building on Lot 56" until they "were

2

able to move their personal property to their home in Baltimore[,] Maryland," although the Herrings described their Baltimore home as "temporary." Id. ¶ 31. On July 22, 2014, HUD obtained Lot 54 by a trustee's deed that explicitly did not convey Lot 56. Id. ¶¶ 19–20. On October 29, 2015, HUD executed a special warranty deed through PEMCO, drafted by Solana, purporting to grant D. M. Surratt both Lot 54 and Lot 56. Id. ¶ 21–22. On November 3, 2015, D.M. Surratt conveyed a deed of trust to MERS. Id. ¶ 23. D. M. Surratt merged the two lots, altered the land, removed trees, and removed a storage building containing the Herrings' personal property on Lot 56, even though the Herrings notified him that they owned Lot 56. Id. ¶¶ 24, 27.

The Herrings' complaint contains four claims: conversion against the Surratts and Solana (count one), trespass to realty against all defendants (count two), slander of title against the Surratts and Solana (count three), and a request for declaratory relief quieting the Herrings' title to Lot 56 against all defendants (count four). Id. ¶¶ 46–72. The Herrings allege that their personal property was worth "in excess of $50,000.00," that the invasion of their right to possession caused "in excess of $25,000.00" of damages, and that the loss of trees and water rights associated with Lot 56 damaged their interests "in excess of $25,000.00." Id. ¶¶ 46–68.

On July 15, 2016, the Surratts answered the Herrings' complaint, counterclaimed, and crossclaimed against HUD for breach of the covenants of seisin and the right to convey for its conduct in relation to the transfer of title to Lots 54 and 56 [D.E. 1-7]. The Surratts claimed "losses in excess of $25,000.00 as a direct and proximate cause of HUD's breach of the covenants in the Special Warranty Deed." Id. at 13. On October 20, 2016, the Herrings stipulated to the dismissal of PEMCO in New Hanover County Superior Court [D.E. 1-10]. On November 23, 2016, HUD filed a notice of removal based on 28 U.S.C. §§ 1442(a) and 1444 [D.E. 1].

3

On December 29, 2016, HUD moved to dismiss the Herrings' claims against it for lack of subject-matter jurisdiction [D.E. 19]. The Herrings consented to dismissal [D.E. 29, 30]. On January 6, 2017, MERS moved to dismiss count two against it for failure to state a claim [D.E. 25]. The Herrings consented to that dismissal as well [D.E. 31]. On January 26, 2017, the Herrings moved to remand this action, arguing that because HUD was no longer a party, this court lacked subject-matter jurisdiction [D.E. 30]. On February 14, 2017, HUD responded in opposition [D.E. 33]. On February 28, 2017, the Herrings replied [D.E. 34]. On March 8, 2017, D. M. Surratt also responded in opposition [D.E. 35]. On March 22, 2017, the Herrings replied [D.E. 36].

II.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Subject-matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

The Herrings move to remand under section 1447(c) for lack of subject-matter jurisdiction, arguing that HUD is no longer a party to this case and therefore the court lacks subject-matter jurisdiction over the action under 28 U.S.C. §§ 1442(a)(1) and 1444. In opposition, HUD argues the court has diversity jurisdiction. As the party asserting federal jurisdiction, however, HUD has failed to meet its burden of showing that the Herrings are diverse from the Surratts. Simply put, the complaint suggests that the Herrings and the Surratts are citizens of North Carolina.

As for D. M. Surratt, he argues that section 1442(a)(1) still confers jurisdiction over the entire

4

action because HUD, a federal agency, is a party to his crossclaim.[1] The Herrings respond that D. M. Surratt's purported crossclaim can no longer be a part of the case because a crossclaim under Federal Rule of Civil Procedure 13 may be brought only "against a coparty," and the government ceased to be the Surratts' coparty when the claim against the government was dismissed for lack of subject-matter jurisdiction.

Section 1442 is a removal statute and does not provide an independent basis for subject-matter jurisdiction. See Wood v. Crane Co., 764 F.3d 316, 324 (4th Cir. 2014). The mere presence of a federal defendant "cannot independently support Art. III 'arising under' jurisdiction" absent a specifically raised federal defense in the notice of removal. Id. (quotation omitted). No party has established that this court may exercise diversity jurisdiction over the Herrings' claims, because it appears that both the Herrings and the Surratts are citizens of North Carolina. See 28 U.S.C. § 1332(a)(1); see Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 18–19 (1983) (holding that a federal court does not have an independent basis for jurisdiction over a state-law declaratory judgment claim seeking a declaration of federal law); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (holding that the federal Declaratory Judgment Act "did not extend [the] jurisdiction" of federal courts).[2] D. M. Surratt's crossclaim

---

[1] The court rejects Surratt's argument that the motion to remand is untimely. A motion to remand for lack of subject-matter jurisdiction may be brought at any time before final judgment. See 28 U.S.C. § 1447(c).

[2] The Herrings' complaint suggests that they may have ceased to be citizens of North Carolina and become citizens of Maryland. See Compl. ¶ 31. However neither HUD nor D. M. Surratt, as the parties asserting jurisdiction, have overcome "the well-established presumption that one's established domicile continues until it is shown to have been changed." Abrishemian v. Darvishian, 833 F.2d 1004, at *1 (4th Cir. 1987) (per curiam) (unpublished table decision); see Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986); Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir. 1979); Janzen v. Goos, 302 F.2d 421, 425 (8th Cir. 1962); Stine v. Moore, 213 F.2d 446, 447 (5th Cir. 1954).

against HUD is based on state contract and property law; therefore, the court does not have federal-question jurisdiction either.

Finally, D.M. Surratt's crossclaims are contract claims subject to the Tucker Act. The Court of Federal Claims is the exclusive arbiter of contractual disputes against the government in which the amount in controversy exceeds $10,000.00. 28 U.S.C. § 1346(a)(2); see United States v. Hohri, 482 U.S. 64, 66 n.1 (1987); Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996). D.M. Surratt's crossclaim seeks damages from HUD, a federal agency, for the agency's "breach of the covenants in the Special Warranty Deed" and seeks damages "in excess of $25,000.00." [D.E. 1-7] 13. Therefore, his crossclaim is subject to exclusive jurisdiction in the Court of Federal Claims. See 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); St. Denis v. Dep't of Hous. and Urban Dev., 900 F. Supp. 1194, 1198–99 n.5–6 (D. Alaska 1995); United States v. Black Hawk Masonic Temple Ass'n, Inc., 798 F. Supp. 646, 648 (D. Colo. 1992); Greenbush Seed & Supply, Inc. v. Cambers, No. 92–1292–B, 1992 WL 223849, at *2 (D. Kan. Aug. 26, 1992) (unpublished).

A plaintiff pursuing a claim under the Tucker Act may "waive damages in excess of $10,000 to remain in district court." Randall, 95 F.3d at 345 n.8. A district court, however, may decline to exercise jurisdiction "where there is no indication that Plaintiff has done so." Id. Here, nothing suggests that the Surratts waived damages in excess of $10,000.00; therefore, the court declines to exercise jurisdiction over the crossclaim, which belongs in the Court of Federal Claims.

III.

In sum, the court GRANTS the Herrings' motion to remand [D.E. 30] and REMANDS the action to New Hanover County Superior Court. The court DECLINES to award costs and fees.

SO ORDERED. This 29 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge